UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ALFRED LA FORD,

                          Plaintiff,

                - against -

THE GEO GROUP, INC.; THE QUEENS
PRIVATE DETENTION FACILITY;
CORRECTIONAL OFFICER TIMOTHY
SAMUEL; and Others Whose Identities Are As
Yet Unknown,

                         Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

13 Civ. 1978 (BMC)

**COGAN,** District Judge.

On April 8, 2013, *pro se* plaintiff Alfred La Ford, who is presently incarcerated at the Metropolitan Detention Center, commenced this action, asserting claims under 42 U.S.C. § 1983 and the laws of the State of New York. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order. For the reasons discussed below, plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff's claims arise out of an incident that occurred during the evening of April 27, 2012, when plaintiff was detained at the Queens Private Detention Facility ("QPDF"), a privately run prison facility that is owned and operated by the Geo Group ("Geo").[1] Plaintiff alleges that, on that night, he was sitting peacefully in his assigned dormitory when defendant Timothy Samuel, a correctional officer employed by Geo, as well as other officers approached him and, without provocation, proceeded to assault him. The officers punched and kicked plaintiff, abused him verbally, threw him to the ground and handcuffed him. The officers then removed plaintiff from his dormitory and took him to another location for interrogation. Plaintiff claims

---

[1] Although plaintiff's complaint contains no allegations concerning the client on behalf of which Geo operates the QPDF, the Court takes judicial notice of the fact that Geo operates the QPDF on behalf of the Office of the Federal Detention Trustee of the United States Marshals Service.

that the officers did not find any contraband on him and that he did not break any of the QPDF's rules. During the interrogation, plaintiff was told that he would be charged with assaulting an officer, resisting arrest, and disorderly conduct. Then, plaintiff was put in solitary confinement in the "chute" (which presumably is the Special Housing Unit, or the "SHU"), which plaintiff characterizes as "a stinky, foul smelling, dangerous, and solitary place" for approximately 90 hours.

Plaintiff claims that he was eventually released after the warden and staff of the QPDF had determined that he was not involved in any criminality and that no criminal or disciplinary charges would be brought against him. Further, plaintiff alleges that the warden and staff of the QPDF concluded that he was the victim of an unprovoked assault and, consequently, fired defendant Samuel.

## **DISCUSSION**

Pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Complaints filed by *pro se* plaintiffs are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Harrington v. Cnty. of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009)).

Plaintiff here brings suit under 42 U.S.C. § 1983 for, among other things, false arrest and malicious prosecution. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). But plaintiff has sued private entities and individuals acting under authority granted to them by the federal government, not authority granted by an individual state. The law is clear that "the phrase 'under color of state law' as used in [the] civil rights statutes, notably 42 U.S.C. § 1983" applies "only to state actors, not federal officials." Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005). See also Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991) ("[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers"). Thus, because plaintiff's complaint does not plausibly allege that defendants are either state actors or private parties acting under color of state law, he has failed to state a claim under § 1983.[2]

However, affording plaintiff the deference to which he is entitled as a *pro se* litigant, the Court construes plaintiff's complaint as asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971) – the "federal analog" to § 1983 suits. Hartman v. Moore, 547 U.S. 250, 254 n.2, 126 S. Ct. 1695, 1700 n.2 (2006). To state a claim under Bivens, a plaintiff must "allege that a defendant acted under color

---

[2] Plaintiff's complaint also contains passing references to two other federal statutes - §§ 1981 and 1985. Because the same definition of "under color of state law" that applies to § 1983 claims also applies to § 1981, see Dotson, 397 F.3d at 162, plaintiff's § 1981 claims – to the extent he is asserting any – also fail. Plaintiff's claims for a conspiracy under § 1985(3) – again, to the extent he is asserting any – are inadequate for two reasons. First, plaintiff's complaint does not even contain vague or conclusory allegations regarding the existence of an illegal conspiracy; it merely cites to § 1985. See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) (("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."). Second, a § 1985(3) "conspiracy must also be motivated by some racial or perhaps other class-based, invidious discriminatory animus behind the conspirators' action." Britt v. Garcia, 457 F.3d 264, 270 n.4 (2d Cir. 2006). Plaintiff's complaint contains no allegations that plausibly suggest any such animus.

of federal law to deprive plaintiff of a constitutional right." Tavarez v. Reno, 54 F .3d 109, 110 (2d Cir. 1995).

Nevertheless, plaintiff's Bivens claims must also fail because the United States Supreme Court has refused to extend the Bivens cause of action to lawsuits against private prison operators acting under color of federal law. Specifically, in Correctional Services Corp. v. Malesko, 534 U.S. 61, 63, 122 S. Ct. 515, 517 (2001), the Supreme Court declined to extend Bivens "to allow recovery against a private corporation operating a halfway house under contract with the Bureau of Prisons." The Supreme Court reasoned that Bivens is only meant to deter individual officers from committing constitutional violations and that state tort law typically provides adequate remedies for a plaintiff injured by a private correctional facility. Id. at 70-73, 122 S. Ct. at 521-23. See also Arar v. Ashcroft, 585 F.3d 559, 571 (2d Cir. 2009) ("the Supreme Court has warned that the Bivens remedy is an extraordinary thing that should rarely if ever be applied in 'new contexts.'"). Thus plaintiff's Bivens claims against Geo and the QPDF are foreclosed by Malesko.

Although, in Malesko, the Supreme Court did not opine on the availability of a Bivens claim against the individual employees of a private corporation, it took up that issue in Minneci v. Pollard, __ U.S.__ , 132 S. Ct. 617 (2012). In Minneci, the Supreme Court held that where

> a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case.

4

Id. at 626. See also Acosta v. Robinson, No. 12-CV-2287, 2012 WL 6569766, at *2-3 (E.D.N.Y. Dec. 17, 2012) (relying on Minneci to dismiss *pro se* Bivens claims for violations of Eighth Amendment rights against individuals employed by the QPDF).

Here, however, plaintiff asserts his claims under Fourth, Fifth and Fourteenth Amendments, rather than the Eighth Amendment. Although some courts have interpreted Minneci as barring all claims against employees of private prisons, at least one court in this District has taken the better approach of considering "whether there are adequate state law remedies" for a plaintiff's claims in determining whether Minneci precludes those claims. Espinoza v. Zenk, No. 10-CV-427, 2013 WL 1232208, at *8 & n.12 (E.D.N.Y. Mar. 27, 2013) (collecting cases). See also Minneci, 132 S. Ct. at 625 ("State-law remedies and a potential Bivens remedy need not be perfectly congruent. . . . Rather, in principle, the question is whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations.").

Plaintiff's allegations here sound in false imprisonment and battery, which are recognized claims under New York tort law. See e.g., Green v. City of New York, 465 F.3d 65, 86 (2d Cir. 2006) (analyzing the tort of battery under New York law). Since New York tort law provides adequate remedies for plaintiff's alleged injuries, the Court concludes that Minneci bars plaintiff's Bivens claims against defendant Samuel and the other unidentified individual defendants. Having dismissed plaintiff's federal constitutional claims, the Court declines to exercise continuing supplemental jurisdiction over plaintiff's state law claims.

5

## **CONCLUSION**

Accordingly, plaintiff's federal constitutional claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York  
       May 20, 2013

U.S.D.J.